ORIGINAL

1  Tammy Hussin (Bar No. 155290)
2  *Of Counsel*
   Lemberg & Associates LLC
3  6408 Merlin Dr., Suite #100
4  Carlsbad, CA 92011
   Telephone (855) 301-2300 ext. 5514
5  thussin@lemberglaw.com

6
   Lemberg & Associates, LLC
7  1100 Summer Street
8  Stamford, CT  06905
   Telephone:  (203) 653-2250
9  Facsimile:  (203) 653-3424

10

11 Attorneys for Plaintiff,
12 David Platek

13

14

15

16

17

18

FILED

2011 MAY 25  P 1: 24

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

HRL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 11      Case No.:  2541

| | |
|---|---|
| David Platek, | **COMPLAINT FOR DAMAGES** |
| Plaintiff, | **1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT,** |
| vs. | **15 U.S.C. § 1692 ET. SEQ;** |
| NCO Financial Systems, Inc.; and DOES 1-10, inclusive, | **2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.** |
| Defendants. | **JURY TRIAL DEMANDED** |

FILE BY FAX

COMPLAINT FOR DAMAGES

1    For this Complaint, the Plaintiff, David Platek, by undersigned counsel, states

2

3    as follows:

4                                **JURISDICTION**

5    1.      This action arises out of Defendants' repeated violations of the Fair Debt

6

7    Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of

8    Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to

9

10   collect a consumer debt.

11   2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

12   3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

13

14   Defendants transact business here and a substantial portion of the acts giving rise to

15   this action occurred here.

16

17                                **PARTIES**

18   4.      The Plaintiff, David Platek (hereafter "Plaintiff"), is an adult individual

19   residing in Albany, California, and is a "consumer" as the term is defined by 15

20

21   U.S.C. § 1692a(3).

22   5.      Defendant NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania

23   business entity with an address of 507 Prudential Road, Horsham, Pennsylvania

24

25   19044, operating as a collection agency, and is a "debt collector" as the term is

26   defined by 15 U.S.C. § 1692a(6).

27   6.      Does 1-10 (the "Collectors") are individual collectors employed by NCO

28   and whose identities are currently unknown to the Plaintiff.  One or more of the

---

2                                    COMPLAINT FOR DAMAGES

Collectors may be joined as parties once their identities are disclosed through discovery.

7.      NCO at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     NCO Engages in Harassment and Abusive Tactics**

12.     NCO contacted Plaintiff in attempt to collect the Debt. NCO placed a call to Plaintiff at his place of employment on February 15, 2011. Immediately thereafter, Plaintiff contacted NCO and to not place any subsequent calls to him at his place of employment. Plaintiff informed NCO that contacts to his workplace were unacceptable and against the policy of his employer.

13.    Despite Plaintiff's request, NCO continued to contact Plaintiff at his place of employment.

14.    NCO left a voicemail for Plaintiff at his place of employment on February 20, 2011. The voicemail message was left in the general mailbox that could be retrieved by any of Plaintiff's coworkers.

**C.    Plaintiff Suffered Actual Damages**

15.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

18.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

COMPLAINT FOR DAMAGES

19.     The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

20.     The Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

21.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

22.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

26.    NCO Financial Systems, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27.    The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

28.    The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

29.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

COMPLAINT FOR DAMAGES

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  May 25, 2011                                TAMMY HUSSIN


By:___/s/   *Tammy Hussin*_____
Tammy Hussin *Of Counsel*
Lemberg & Associates, LLC
Attorney for Plaintiff, David Platek